IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal. No.:  2:05 - 142 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO CORRECT SENTENCE** |
| Robert Lamont Lloyd, | ) | **UNDER 28 U.S.C. § 2255** |
| Defendant. | ) | |

The Defendant Robert Lamont Lloyd, through his counsel Assistant Federal Public Defender Cody Groeber, respectfully moves this Court to enter an order vacating and correcting his sentence pursuant to 28 U.S.C. § 2255.  Because of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Defendant no longer qualifies as an armed career criminal under 18 U.S.C. § 924(e) nor as a career offender under United States Sentencing Guideline §4B1.1.

**I.     Statement of Facts**

On August 8, 2005, the Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  His presentence report ("PSR") designated him an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  He also pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(B).  The PSR also designated him as a career offender.  Although the PSR did not designate which predicate offenses were used to qualify him for these statuses, the only possible felony convictions that would have qualified in 2005 were as follows: two counts of burglary 2nd

degree in 1990, strong armed robbery in 1992, and possession with intent to distribute marijuana in 2003. Because of his designation as an armed career criminal and a career offender, the Defendant's offense level was 31, his criminal history category was VI and his guidelines were 188-235 months. He received a concurrent sentence of 188 months on each count on November 16, 2005.

**II.     Statement of Law**

**A.  Violent Crime Under the Armed Career Criminal Act**

The definition of violent crime in 18 U.S.C. § 924(e)(2)(B) is any crime punishable by imprisonment for a term exceeding one year that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

The 3 clauses or components to the definition of violent crime under § 924(e)(2)(B) are referred to as the "elements" or "force" clause, the "enumerated offense" clause, and the "residual" clause.

The force clause refers to the component under subsection (1) of § 924(e)(2)(B) that states that the predicate offense must have, as part of its definition, an element that is the use, attempted use, or threatened use of physical force against the person of another.

The enumerated offense clause refers to the component under subsection (2) that states that the prior offense must be burglary, arson, or extortion, or an offense that involves use of

explosives. The residual clause is also contained in subsection (2), and refers to the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another."

### B. Crime of Violence under the Career Offender Guideline

The Career Offender Guideline is found in USSG §4B1.1. To qualify as a career offender, a defendant must have two felonies that are either a "crime of violence" or a controlled substance offense. Crime of violence is defined in USSG §4B1.2(a) as any offense under federal or state law punishable by imprisonment for more than one year that "(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the used of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."
United States Sentencing Commission, Guidelines Manual, §4B1.2 (Nov. 2015)

Subsection (a)(1) is commonly referred to as the "elements" or "force" clause. Subsection (a)(2) may be divided into two parts. The first part (burglary, arson, extortion, explosives) is referred to as the "enumerated offense" clause. The second part (starting at "otherwise") is referred to as the residual clause.

### C. *Johnson* applies to the Career Offender definition of "crime of violence."

The residual clause in the career offender guideline is identical to the one in the ACCA. Because of the identical language, *Johnson* also invalidated the residual clause of the career offender guideline.

The Government has conceded, or Courts of Appeals have held, that *Johnson* applies to the sentencing guidelines in *United States v. Pagan-Soto*, No. 13-2243 (1st Cir. 2015)(Gov't Supplemental Brief 2015 WL 4872453), *United States v. Townsend*, 2015 WL 9311394 (3d Cir.

2015), *United States v. Grayer*, 2015 WL 5472743 (Sixth Cir. 2015), *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015), *United States v. Madrid*, No. 14-2159 (10th Cir. 2015).  But see *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (holding that the vagueness doctrine does not apply to advisory sentencing guidelines, despite the governments concession that *Johnson* applied).

In addition, the Supreme Court has recently held that *Johnson* announced a new substantive rule that is retroactive to cases on collateral review.  *Welch v. United States*, 578 U.S. __, __S.Ct.__, 2016 WL 1551144 (Apr. 18, 2016).

### III.  Strong Arm Robbery in South Carolina is neither a Violent Crime under the Armed Career Criminal Act nor a Crime of Violence under the Career Offender Guideline.

The Defendant was convicted in South Carolina state court of strong arm robbery in violation of S.C. Code Ann. § 16-11-325, on March 4, 1993.  This statute merely states that the "common law offense of robbery is a felony."  Common law robbery in South Carolina is defined as the "felonious taking and carrying away of goods of another against the will or without consent."  *State v. Scipio*, 322 S.E.2d 15, 16 (S.C. 1984).  It has also been defined as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."  *State v. Rosemond*, 589 S.E. 2d 757, 758-59 (S.C. 2003).

The offense can take place when there is only intimidation, which requires no force at all, and can be caused merely by "glaring" at a person.  ("After petitioner exited the bathroom, he immediately went behind the register and intimidated Murray by glaring at her.")  Id.

More importantly, the element of force in the offense of robbery may be actual or constructive:

> Actual force implies physical violence.  **Under constructive force are included 'all demonstrations of force, menaces, and other means by which the person robbed is put in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking.  No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished,** if the transaction is attended with such circumstances of terror, such as threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear.

*State v. Rosemond,* 560 S.E.2d 636, 640-41 (S.C. Ct.App. 2002) (emphasis in original, citation omitted) (affirmed as modified by *State v. Rosemond*, 589 S.E.2d 757, 758-59 (S.C. 2003).

**A.  Strong Arm Robbery does not Satisfy the Force/Elements Clause.**

To determine whether a state conviction qualifies as a crime of violence, one must focus on the elements of the state statute and not the specific facts underlying the conviction.  *United States v. Carthorne,* 726 F.3d 503, 511 (4th Cir. 2013).  This "categorical approach" looks at how the law defines the offense generically.  *Descamps v. United States*, 133 S.Ct. 2276, 2285 (2013).  To the extent that the statutory definition of the prior offense has been interpreted by the state's highest court, that interpretation constrains the analysis of the elements of the state law. *Johnson v. United States*, 130 S.Ct. 1265, 1269 (2010).  In this 2010 *Johnson* decision, the Supreme Court held that for a predicate conviction to satisfy the "force clause," there must be an element in the state statute of physical force, which means violent force - capable of causing physical pain or injury to another person. *Id.* at 1271.

This definition of violent force specifically excludes from consideration elements that involve the slightest offensive touching. *United States v. Aparicio-Soria*, 740 F.3d 152, 155 (4th Cir. 2014). The Fourth Circuit, in discussing whether Maryland's resisting arrest statute satisfied the force clause, found that the statute only required "offensive physical contact" for a conviction. *Id.* This did not meet the definition of violent force capable of causing pain or injury to another. *Id.*

Second degree rape also did not satisfy the definition of the force clause. In *United States v. Shell*, 789 F.3d 335 (4th Cir. 2015), the Fourth Circuit had occasion to determine whether North Carolina's second degree rape statute was a crime of violence under § 4B1.2. of the sentencing guidelines. The Court noted that one must look at the full range of conduct covered by the rape statute because if some definitions are crimes of violence and others are not, then the state offense is overbroad, and § 4B1.2 would not apply. *Id.* at 339. Because second degree rape could be committed with actual physical force or by constructive force in the form of fear, fright or coercion, it did not meet the violent force standard required under the force clause. *Id.* at 341.

Even the federal crime of sex trafficking by force is not a crime of violence. *United States v. Fuertes,* 805 F.3d 485, (4th Cir. 2015). Because the offense can be committed by fraud as well as force, it did not qualify as a categorical crime of violence under the force clause. *Id.*

Similarly, common law robbery can be committed without physical force at all - merely by a glare. *Rosemond, supra.* Thus intimidation can occur without the actual or threatened use of force, and can result in a strong arm robbery conviction which does not satisfy the component of actual or threatened use of force. As noted in *Shell, supra,* one must look at the full range of

6

conduct covered by the statute. If some of the elements fit the definition and some do not, then the statute is overbroad, and the crime does not satisfy the requirements of § 924(e)(2)(B).  Since the South Carolina law does not require the use of violent force, and can be committed by constructive force, it does not satisfy the definition of crime of violence under the force clause.

In *United States v. Presley*, 52 F.3d 64 (4th Cir. 1995), the Fourth Circuit, without analysis, stated that a Virginia robbery conviction qualified as a violent crime.  The Virginia statute did have some language similar to South Carolina's statute, namely taking "by violence or intimidation."  This language in not identical to South Carolina's statute, which states that the crime can be committed "against the will or without consent."  *State v. Scipio*, 283 S.C. 124, 126, 322 S.E.2d 15, 16 (1984).

The Fourth Circuit in *Presley* did not undertake the analysis required by *Johnson v. United States*, 130 S.Ct. 1265, 1269 (2010) or *United States v. Aparicio-Soria*, 740 F.3d 152, 155 (4th Cir. 2014), *supra,* because these cases had not yet been decided.  *Presley* has been plainly overruled by the Supreme Court's 2010 Johnson which defined the level of force necessary for an offense to qualify under the ACCA's force clause.  T h e  force required has to be "violent force" – that is "strong physical force," which is "capable of causing physical pain or injury to another person.  *Johnson*, 559 U.S. at 140.  Both South Carolina and Virginia robbery may be committed by "violence or intimidation," and by use of a slight touching, which does not meet the federal definition of "physical force".

**B.  Strong Arm Robbery does not satisfy the Enumerated Offense Clause.**

Under the enumerated offense clause, the South Carolina crime of common law robbery is not a crime of violence because it is not one of the offenses enumerated**.**

### C.  The Residual Clause No Longer Exists.

In *Johnson v. United States,* 135 S. Ct. 2551 (2015) the Supreme Court declared that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, and it was struck from the Act.  The Supreme Court stated that the part of the definition that states "or otherwise involves conduct that presents a serious potential risk of physical injury to another" denied fair notice to defendants and invited arbitrary enforcement by judges.  *Id*. at 2557.  "Increasing a defendant's sentence under the clause denies due process of law." *Id*.  The Court held that the residual clause was "vague in all its applications," and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).  135 S. Ct. at 2561-63.

**IV.**     **The Defendant's convictions for burglary second degree cannot be classified as a violent crime under the ACCA nor a crime of violence under the career offender guideline.**

According to his PSR, the Defendant was convicted on March 19, 1991, of two counts of violating South Carolina's burglary 2nd degree statute.  He was arrested for both counts on the same day, December 14, 1990.  However, "[d]ue to the age of the arrest, no further information was available to provide specifics concerning this offense."  The Defendant does not dispute that records "provided by the Charleston Police Department" may establish that he has convictions for "burglary."  PSR at ¶16.

However, it is unclear under which subsection of South Carolina's burglary 2nd degree statute the defendant was convicted.  In 1990 the statute read:

> (A) A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.
> (B) A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:
>> (1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
>>> (a) Is armed with a deadly weapon or explosive; or
>>> (b) Causes physical injury to any person who is not a participant in the crime; or
>>> (c) Uses or threatens the use of a dangerous instrument; or
>>> (d) Displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
>> (2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
>> (3) The entering or remaining occurs in the nighttime.
> (C) Burglary in the second degree is a felony punishable by imprisonment for not more than fifteen years, provided, that no person convicted of burglary in the second degree shall be eligible for parole except upon service of not less than one-third of the term of the sentence.

S.C. CODE ANN. § 16-11-312 (1990).

Both subsections would *appear* to meet the definition of "generic burglary" that was defined in *Taylor v. United States*, 495 U.S. 575 (1990). Generic burglary is defined to be an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor* at 599. The Fourth Circuit, in *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), recognized that both subsections are actually broader than generic burglary.

The reason that the statute is overbroad has to do with how South Carolina defines the terms "building" and "dwelling." The word "building" is any "structure, vehicle, watercraft, or aircraft" where any person lodges or lives, where people assemble, or where goods are stored. S.C. Code Ann. §16-11-310 (1991). "Dwelling" means "the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person." *Id*. It also includes detached buildings on the same property. *Id*. at §16-11-10. As noted in *McLeod*, the South

Carolina law of burglary outlaws burglarizing a dwelling "that could have been 'any structure, vehicle, watercraft, or aircraft,' so long as a person 'used or normally used' the location for 'sleeping, living, or lodging.'" *McLeod* at 977.

According to the Court in *McLeod*, these definitions create a situation where there are "elements alternative to generic burglary." *Id*. at 976. Consequently, a district court "is allowed to employ the modified categorical approach." *Id*. A court may look at so called *Shepard* documents, which are generally limited to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to whicdh the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Because there are no *Shepard* documents in this case, it is unclear under which subsection the Defendant was convicted. In addition, because these documents are unavailable, there is no way to establish that the Defendant was "convicted, in the deliberate and considered way the Constitution guarantees, of an offense with the same (or narrower) elements" as generic burglary. *Descamps*, 135 S.Ct. at 2290. Accordingly, these convictions for burglary 2d degree cannot be counted as predicate offenses under either the ACCA or Career Offender Guideline.

V.   **Conclusion**

The Defendant was originally found to be both a Career Offender and an Armed Career Criminal. In light of *Johnson*, the Defendant no longer qualifies for these sentencing and guideline enhancements. For all of these reasons, the Defendant respectfully requests that this Court find that his predicate state convictions no longer satisfy the requirements of the ACCA or

career offender guideline, and that he be resentenced.

                                        Respectfully submitted,

                                        *s/Cody J. Groeber*

                                        Cody J. Groeber, Esquire
                                        Assistant Federal Public Defender
                                        P.O. Box 876
                                        Charleston, South Carolina 29402
                                        (843) 727-4148

April 25, 2016