**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Robert Lamont Lloyd, ) | |
| ) | Case No.: 2:05-cr-142-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Robert Lamont Lloyd, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 45). Lloyd also asks to be released on bond pending this Court's disposition of his § 2255 motion (ECF No. 52). The United States ("Government") has filed a motion to stay proceedings (ECF No. 51). For the reasons stated herein, the Court denies the Government's motion and Lloyd's release request but nevertheless stays this matter.

**BACKGROUND**

    In 2005, Lloyd pled guilty to possession of a firearm after a felony conviction and to possession with intent to distribute crack cocaine. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1). When Lloyd pled guilty, his criminal history included convictions in South Carolina state court for a strong-arm robbery, two second-degree burglaries, and possession with intent to distribute marijuana. At the sentencing later that year, this Court determined that those prior convictions triggered a mandatory fifteen-year minimum sentence on the gun charge under the Armed Career Criminal Act ("ACCA") and an increased recommended sentencing range on both charges under the United States Sentencing Guidelines. Based on those determinations, the Court sentenced Lloyd to 188 months in prison on each count, to be served concurrently. Lloyd did not appeal.

Lloyd filed his § 2255 motion on April 26, 2016. After being ordered to file a response, the Government moved for a stay on July 12. On July 25, Lloyd filed a response in opposition to the Government's motion, in which he also asked to be released on bond. The Government filed a reply in support of its stay motion on August 2. Accordingly, these matters are now ripe for consideration.

## DISCUSSION

Although the two motions under consideration do not directly involve the merits of Lloyd's § 2255 claims, an overview of them provides needed context. Under the ACCA, a defendant must be sentenced to at least fifteen years in prison if he has at least "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Similarly, under the Sentencing Guidelines' career-offender provision, a defendant's recommended sentencing range may increase if—

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Lloyd contends he does not have enough qualifying prior felony convictions to trigger either enhancement. Specifically, he contends his robbery and burglary convictions are not "violent felonies" under the ACCA or "crimes of violence" under the Guidelines.

The ACCA's definition of "violent felony" includes any crime, punishable by more than a year in prison, that—

> i.   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

2

>  ii.   is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The career-offender guideline provides a materially identical definition of "crime of violence."  *See* U.S.S.G. § 4B1.2(a).  The language in both provisions that begins with "or otherwise involves" is commonly called the "residual clause." *See, e.g.*, *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016); *United States v. Martin*, 753 F.3d 485, 488 (4th Cir. 2014).  Last year, the Supreme Court declared the ACCA's residual clause unconstitutionally vague, *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and this year, it held *Johnson* applies retroactively to sentences enhanced using that clause, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Lloyd argues that under *Johnson*, his robbery conviction no longer counts as an ACCA predicate offense because the now-invalid residual clause is the only part of the violent-felony definition into which his robbery conviction could fit.  Lloyd makes the same argument regarding his career-offender enhancement, and he contends that *Johnson*'s holding applies retroactively to sentences enhanced using § 4B1.2(a)'s residual clause.

Separately, Lloyd contends his second-degree burglary convictions do not count as predicate offenses.  Citing *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), Lloyd contends the Government cannot establish that his crimes constitute "burglary" under the ACCA or the career-offender guideline.  Thus, Lloyd argues, he no longer has enough qualifying prior felony convictions to trigger either of the enhancements, and he should be resentenced to a shorter prison term.

With that overview, the Court turns to the motion to stay and the request for release.

## I.      The Government's Motion to Stay

As explained herein, the stay that the Government seeks is unwarranted. Nonetheless, the Court finds that staying this matter is appropriate for other reasons.

The Supreme Court is currently poised to decide whether *Johnson*'s holding extends to U.S.S.G. § 4B1.2(a)(2) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced using § 4B1.2(a)'s residual clause. *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). The Government contends the Supreme Court's decision in *Beckles* will affect the outcome of Lloyd's § 2255 motion and therefore this Court should stay proceedings until that decision is issued.

The Court disagrees with the premise of the Government's argument; *Beckles* will not affect the outcome here. Having just two predicate convictions satisfies U.S.S.G. § 4B1.1(a)(3). Lloyd does not dispute that his marijuana conviction counts as one predicate. Accordingly, even if *Beckles* leads to the disqualification of Lloyd's robbery conviction, Lloyd still cannot not prevail on his challenge to his career-offender enhancement unless he also shows that his burglary convictions do not constitute a crime of violence.[1] However, he cannot do so at this time.

There is a one-year limitations period for asserting § 2255 claims. *See* 28 U.S.C. § 2255(f). Timeliness under § 2255(f) is to be assessed "on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam); *accord Hannigan v. United States*, 131 F. Supp. 3d 480, 487 (E.D.N.C. 2015), *appeal dismissed*, 638 F. App'x 234 (4th Cir. 2016) (per curiam). Because the limitations period generally expires one year after the defendant's

---
1. Because Lloyd was arrested for both burglaries at the same time and then sentenced for both burglaries on the same day, the two crimes count a single predicate offense for the purposes of the career-offender guideline. *See* U.S.S.G. §§ 4A1.2 cmt. 3; 4B1.2(c) (2002).

4

conviction becomes final, *see* § 2255(f)(1), Lloyd's initial opportunity to seek § 2255 relief from his sentence expired in 2006.

Because § 2255(f)(3) resets the limitations period for the assertion of certain newly-recognized claims, Lloyd's *Johnson*-based challenge to the use of his robbery conviction is timely.[2]  However, in striking the ACCA's residual clause, the Supreme Court made clear in *Johnson* that its decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."  135 S. Ct. at 2563.  In other words, *Johnson* does not—and thus *Beckles* will not—provide a means for revisiting a court's decision to count a conviction as a predicate offense under another portion of the crime-of-violence definition.  Consequently, Lloyd cannot rely on *Johnson* to revive his untimely, unrelated challenge to the use of his burglary convictions.  Because the untimeliness of that challenge is dispositive, *see Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014) (en banc), Lloyd's burglary conviction may still be treated as a second—and thus enhancement-triggering—predicate offense.  Consequently, even a defense-friendly decision in *Beckles* will not invalidate Lloyd's career-offender designation.

Because *Beckles* will have no impact here, the Court denies the Government's request to stay proceedings until the Supreme Court decides that case.  A stay is nonetheless appropriate because a case currently pending before the Fourth Circuit may be dispositive of Lloyd's challenge to his ACCA enhancement.

As mentioned above, having three predicate offenses triggers the ACCA enhancement; Lloyd concedes his drug offense counts as one.  His burglary convictions collectively count as a

---

2.   The Supreme Court decided *Johnson* on June 26, 2015.  Lloyd filed his § 2255 motion on April 26, 2016.

second predicate offense.[3]  Thus, the dispositive question is whether Lloyd's strong-arm robbery conviction still qualifies as a third predicate offense.

Last year, this Court held that, even after *Johnson*, South Carolina strong-arm robbery still constitutes an ACCA violent felony because it fits within 18 U.S.C. § 924(e)(2)(B)(i).  *See United States v. Doctor*, 2:13-cr-811-PMD, 2015 WL 8160764, at *1 (D.S.C. Dec. 7, 2015).  *Doctor* is on appeal; the Fourth Circuit held oral argument last week.  Because Lloyd's ACCA challenge turns on the continued propriety of treating his robbery conviction as a predicate offense, the forthcoming decision in *Doctor* is likely to dictate the outcome here.  This Court has previously stayed proceedings on other § 2255 motions due to their potential to be affected by the outcome in *Doctor*.  *See Roberts v. United States*, No. 2:04-cr-295-PMD, slip op. (D.S.C. Sept. 26, 2016); *Bradley v. United States*, No. 2:08-cr-691-PMD, slip op. (D.S.C. Aug. 22, 2016).  Although neither party here has specifically requested a stay pending the outcome of *Doctor*, the Court nonetheless finds it proper to do so in this case.  Accordingly, the Court will stay proceedings until the Fourth Circuit decides *Doctor*.

## II.     Lloyd's Request for Release

Lloyd asks the Court release him on bond pending the resolution of his § 2255 motion. Federal courts have the inherent power to grant bail to petitioners in post-conviction habeas proceedings.  *DeAngelis v. South Carolina*, 330 F. Supp. 889, 892 (D.S.C. 1971) (§ 2254 case); *see also Geddings v. United States*, No. 5:06-CR-136-D, 2010 WL 2639920, at *2 (E.D.N.C. June 29, 2010) (noting federal courts have the power to release § 2255 petitioners pending the

---

3.     To constitute separate predicate offenses, the burglaries had to have been "committed on occasions different from one another,"18 U.S.C. § 924(e)(1), a phrase the Fourth Circuit has interpreted as "aris[ing] out of . . . separate and distinct criminal episode[s]," *United States v. Boykin*, 669 F.3d 467, 470 (4th Cir. 2012) (citation omitted).  The Government has the burden of proving that distinction.  *See United States v. Span*, 789 F.3d 320, 328 (4th Cir. 2015).  The record here contains insufficient information about the circumstances of Lloyd's two burglaries to find that they were separate and distinct criminal enterprises.  *See United States v. Carr*, 592 F.3d 636, 640 (4th Cir. 2010) (providing factors to consider).  Thus, the Court views them as a single ACCA predicate.

resolution of their motions). That power, however, "is to be used very sparingly." *United States v. Blankenship*, No. 12-00641 HG-01, 2016 WL 3579077, at *3 (D. Haw. June 28, 2016) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)); *see also DeAngelis*, 330 F. Supp. at 892 (stating the power to grant bail in collateral post-conviction challenges "ought to be carefully exercised"). Thus, "[b]efore a prisoner may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (per curiam).

Whatever may be said about the substantiality of Lloyd's ACCA claim or about its likelihood of success, Lloyd has not identified any exceptional circumstances compelling his release at this time. Therefore, the Court denies his motion.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Lloyd's request for release is **DENIED**, the Government's motion to stay is **DENIED**, and this matter is **STAYED** until the Fourth Circuit issues a decision in *Doctor*.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 3, 2016**
**Charleston, South Carolina**

7