# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robert Lamont Lloyd, ) | |
| ) | Case No.: 2:05-cr-142-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Robert Lamont Lloyd, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 45). Previously, the Court stayed proceedings pending the Fourth Circuit's decision in *United States v. Doctor*. Now that the Fourth Circuit has issued that decision, this Court now lifts the stay and, for the reasons stated herein, denies Lloyd's motion.

## BACKGROUND

    In 2005, Lloyd pled guilty to possession of a firearm after a felony conviction and to possession with intent to distribute crack cocaine. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1). When Lloyd pled guilty, his criminal history included convictions in South Carolina state court for a strong-arm robbery, two second-degree burglaries, and possession with intent to distribute marijuana. At sentencing later that year, the Court determined that those prior convictions triggered a mandatory fifteen-year minimum sentence on the gun charge under the Armed Career Criminal Act ("ACCA") and an increased recommended sentencing range on both charges under the United States Sentencing Guidelines. Based on those determinations, the Court sentenced Lloyd to 188 months in prison on each count, to be served concurrently. Lloyd did not appeal.

Lloyd filed his § 2255 motion on April 26, 2016. On July 12, the Government filed a motion to stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). On July 25, Lloyd filed a response, in which he also asked to be released on bond. The Government filed a reply in support of its stay motion on August 2.

On October 3, the Court denied the motions for release and stay. However, the Court found that *Doctor* was likely to control the outcome of Lloyd's § 2255 motion, and so it stayed proceedings pending a decision in that case. The Fourth Circuit issued decision in *Doctor* on November 21. *See* No. 15-4764, 2016 WL 6833343. Accordingly, Lloyd's § 2255 motion is now ripe for consideration.

## APPLICABLE LAW

Lloyd proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

Under the ACCA, a defendant must be sentenced to at least fifteen years in prison if he has at least "three previous convictions . . . for a violent felony or a serious drug offense, or both,

2

committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Similarly, under the Sentencing Guidelines' career-offender provision, a defendant's recommended sentencing range may increase if—

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Lloyd contends he does not have enough qualifying prior felony convictions to trigger either enhancement. Specifically, he contends his robbery and burglary convictions are not "violent felonies" under the ACCA or "crimes of violence" under the Guidelines.

The ACCA's definition of "violent felony" includes any crime, punishable by more than a year in prison, that—

> i.  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> ii. is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The career-offender guideline provides a materially identical definition of "crime of violence." *See* U.S.S.G. § 4B1.2(a). The language in both provisions that begins with "or otherwise involves" is commonly called the "residual clause." *See, e.g.*, *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016); *United States v. Martin*, 753 F.3d 485, 488 (4th Cir. 2014). Last year, the Supreme Court declared the ACCA's residual clause unconstitutionally vague, *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and this year, it held *Johnson* applies retroactively to sentences enhanced using that clause, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Lloyd argues that under *Johnson*, his robbery conviction no longer counts as an ACCA predicate offense because the now-invalid residual clause is the only part of the violent-felony definition into which his robbery conviction could fit.  Lloyd makes the same argument regarding his career-offender enhancement, and he contends that *Johnson*'s holding applies retroactively to sentences enhanced using § 4B1.2(a)'s residual clause.

Separately, Lloyd contends his second-degree burglary convictions do not count as predicate offenses.[1]  Citing *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), Lloyd contends the Government cannot establish that his crimes constitute "burglary" under the ACCA or the career-offender guideline.  Thus, Lloyd argues, he no longer has enough qualifying prior felony convictions to trigger either of the enhancements, and he should be resentenced to a shorter prison term.

In its prior order, the Court indicated that Lloyd's challenge of his career-offender designation lacked merit because his marijuana conviction and his drug convictions continue to be valid career-offender predicate offenses after *Johnson*.  For the reasons articulated in its prior order, the Court now rejects that challenge.

Those two career-offender predicate offenses also count as ACCA predicate offenses.  In *Doctor*, the Fourth Circuit held South Carolina robbery categorically fits within the ACCA's force clause.  2016 WL 6833343, at *5.  Consequently, Lloyd still has three valid ACCA predicate offenses after *Johnson*.  The Court therefore rejects Lloyd's challenge to his ACCA enhancement.

---

1. Because Lloyd was arrested for both burglaries at the same time and then sentenced for both burglaries on the same day, the two crimes count a single predicate offense for the purposes of the career-offender guideline.  *See* U.S.S.G. §§ 4A1.2 cmt. 3; 4B1.2(c) (2002).  In addition, the Court views the two burglaries as a single ACCA predicate offense because the record here contains insufficient information to find that Lloyd committed them on occasions different from one another.  *See* 18 U.S.C. § 924(e)(1); *United States v. Carr*, 592 F.3d 636, 640 (4th Cir. 2010) (providing factors to consider).

4

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Lloyd's § 2255 motion is **DENIED**. The Court declines to issue a certificate of appealability.[2]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**December 5, 2016**
**Charleston, South Carolina**

---

2.   A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.